**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | Civil Action No.: 14-832 (CCC) |
| Appellant, | |
| v. | **OPINION & ORDER** |
| 710 LONG RIDGE ROAD OPERATING CO. II, LLC, *et al*, | |
| Appellees. | |

This matter comes before the Court on the Motion of Appellant National Labor Relations Board ("Appellant") for a Stay Pending Appeal of the Bankruptcy Court Order Granting Debtors Relief Under 11 U.S.C. § 1113(c), [Docket No. 1], and the Motion to Expedite the Motion to Stay [Docket No. 8]. On February 3, 2014, Judge Steckroth entered an order pursuant to 11 U.S.C. § 1113(c), authorizing the Appellees to reject the continuing economic terms of their expired collective bargaining agreements. On February 6, 2014, Judge Steckroth held a conference call on which he denied the NLRB's motion for a stay of his § 1113(c) order pending appeal to this Court, later memorialized by his order of February 18, 2014. On February 10, 2014, the NLRB filed the instant motion in this Court for a stay of Judge Steckroth's order pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005, and on March 5, 2014, the NLRB filed the emergency petition at issue seeking immediate relief from this Court. This Court heard argument via telephone conference on March 6, 2014. During that call, the NLRB specifically requested an immediate ruling on its motion.

In making its application, the NLRB argues that it is likely to prevail on the merits of its

appeal, that it would be irreparably harmed if a stay is denied, that the other parties to this litigation will not be substantially harmed, and that a stay is in the public interest. The Appellees argue that the factors warranting a stay have not been sufficiently demonstrated, and that the motion must be denied. The Union, a party to the Bankruptcy proceedings below, is not involved in this appeal.

Despite Judge Steckroth's entry of the § 1113(c) order on February 3, 2014, and his denial of a stay exactly one month ago, the NLRB filed its motion as returnable March 17, 2014, and made no request for an emergent hearing until after the Court was closed yesterday.

In determining whether to grant a stay, the Court applies factors similar to those used when considering a request for injunctive relief. The party seeking a stay must demonstrate that 1) they are likely to succeed on the merits of the appeal, 2) they will suffer irreparable harm if the stay is not granted, 3) a stay will not substantially harm other parties, and 4) a stay is in the public interest. See Family Kingdom, Inc. v. EMIF N.J. Ltd. P'ship, 225 B.R. 65, 69 (Bankr. D.N.J. 1998).

First, the NLRB has not sufficiently demonstrated that it is likely to succeed on the merits. The mere contention that the Bankruptcy Court's underlying decision was made in error is insufficient to establish a likelihood of success on the merits. See In re Calpine Corp., 2008 WL 207841, at *6 (Bankr. S.D.N.Y. Jan. 24, 2008). Although the central legal issue decided in Judge Steckroth's § 1113(c) opinion was rendered among a split in authority, Appellant has not demonstrated that it will succeed on the merits.

Appellant has similarly failed to demonstrate irreparable harm stemming from the denial of the stay. First, the § 1113(c) order has been in place for more than a month as of today. Although the NLRB moved quickly for a stay, only yesterday did it raise an argument that this matter required expeditious relief. Moreover, the NLRB argues it will be irreparably harmed if this Court denies its application for a stay because the appeal of the Bankruptcy Court's § 1113(c)

order will be equitably moot. Even if the Court were to accept the NLRB's proposition that the denial of a stay would render its appeal equitably moot,[1] a risk of equitable mootness by itself is insufficient to justify a stay pending appeal. See In re Los Angeles Dodgers LLC, 465 B.R. 18 (Bankr. D. Del. 2011). It must also be noted that the Union, though a party to the appeal of the Bankruptcy Court's order, has not joined the request for a stay, intimating at least in part that they do not believe the harm to their rights to be irreparable. Finally, Appellant is free to challenge the confirmation of the final plan, as well as to continue with its appeal of the § 1113(c) order. For all these reasons, I find that there is no substantial risk of irreparable harm.

Conversely, the risk of harm to the Appellees and others is quite significant in this case. Were the Court to grant the motion for a stay, it appears that the debtors' Debtor-In-Possession financing facility would expire tomorrow, March 7, 2014, leaving them immediately without operating funds and endangering the entire bankruptcy proceeding. This expiration was not newly discovered, and contrary to the NLRB's contention, does not appear to be easily extendable. Thus, a grant of a stay here would create a substantial risk of financial harm to the Appellees in this case. Furthermore, Appellees are operators of long-term nursing care facilities, and a disruption in service will force the closure of debtors' facilities, and the loss of over 1,000 jobs, threatening the health and well-being of their frail and elderly patients. See Libbie Rehab. Ctr. v. Shalala, 26 F. Supp. 2d 128, 132-33 (D.D.C. 1998) (finding a strong likelihood of harm where residents of a nursing home would be forced to relocate without intervention). Therefore, this potential harm

---

[1] The Court notes without deciding that a finding of equitable mootness has not been conclusively established in this case. In determining whether equitable mootness should bar an appeal, a court must consider five factors: "1) whether the reorganization plan has been substantially consummated, 2) whether a stay has been obtained, 3) whether the relief requested would affect the rights of parties not before the court, 4) whether the relief requested would affect the success of the plan, and 5) the public policy of affording finality to bankruptcy judgments." In re SemCrude, L.P., 728 F.3d 314, 320 (3d Cir. 2013). The doctrine of equitable mootness should be "limited in scope and cautiously applied." In re SemCrude L.P., 456 F. App'x 167, 169 (3d Cir. 2012).

3

weighs strongly in favor of a denial of the stay.

Finally, I find that the public interest weighs in favor of the denial of a stay. Although Appellant makes arguments about the relative strength of the policies underlying the Bankruptcy and Labor laws, the significant risk of putting debtors, their employees, their patients, and others at risk tilts the public interest against the granting of the stay.

**ACCORDINGLY, IT IS** on this **6th** day of **March, 2014**,

**ORDERED** that Appellant's Motion for a Stay Pending Appeal of the Bankruptcy Court Order Granting Debtors Relief Under 11 U.S.C. § 1113(c) is DENIED.

**SO ORDERED.**

Claire C. Cecchi
United States District Judge